**Kevin McHALE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 97–2966.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 21, 1998.

Decided April 5, 1999.

Kevin McHale, Seagoville, Texas, submitted a pro se brief.

Thomas J. Maroney, U.S. Atty., Albany, N.Y., Paul D. Silver, Asst. U.S. Atty., Albany, N.Y., submitted a brief for respondent-appellee.

Before: NEWMAN and JACOBS, Circuit Judges, and TSOUCALAS,* Judge.

JON O. NEWMAN, Circuit Judge:

This appeal requires us to consider the procedure we should follow when an appeal from a criminal conviction is dismissed because the defendant's counsel, after filing a notice of appeal, fails to perfect the appeal, and the defendant thereafter attempts to litigate his counsel's defective representation. This matter comes to us on an appeal by Kevin McHale from a judgment of the District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge), denying his motion under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute marijuana. We conclude that, in light of the Government's concession that McHale's appellate counsel provided constitutionally

* Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

deficient assistance, McHale is entitled to relief without making any showing concerning the merits of the appeal. We further conclude that, where ineffectiveness is shown or conceded, and at least in circumstances where a defendant seeks relief within the time limits applicable to challenging a conviction by collateral attack, the appropriate remedy where a notice of appeal was filed is for this Court to reinstate the direct appeal from the conviction and permit that appeal to proceed in the normal course.

## Background

On April 12, 1995, McHale was sentenced, on his plea of guilty, to ten years' imprisonment for conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. His then appellate counsel filed a timely notice of appeal. This Court issued a scheduling order advising counsel of the deadline for filing the record and appellant's brief and appendix. Upon counsel's failure to comply with the scheduling order, the appeal was dismissed on August 16. *See United States v. McHale,* No. 95–1224 (2d Cir. Aug. 16, 1995). The dismissal order informed McHale that he needed to file by September 15 a new form pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (1994), in order to obtain new appellate counsel to pursue his appeal. Though that deadline was missed, McHale's original appellate counsel filed a motion in this Court on September 18 (three days after the deadline set for McHale) to extend his time to file a brief. That motion was returned to counsel by the Clerk's Office since McHale's appeal was no longer pending in this Court. On September 20, the Government informed this Court that it did not oppose counsel's motion to extend the time for filing a brief, a response that revived neither the dismissed appeal nor the returned motion.

On April 23, 1997, McHale filed in the District Court a motion under section 2255 to vacate his sentence on the ground of ineffective assistance of appellate counsel. The Government opposed the motion, arguing that McHale had failed to set forth the claims that he would have presented in his direct appeal and that, by so doing, McHale had failed to allege prejudice as is necessary to satisfy the constitutional test for ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Agreeing with the Government, the District Court denied the petition, and McHale filed a timely notice of appeal.

## Discussion

■ In this Court, the parties agree that the failure of McHale's original appellate counsel to perfect his appeal sufficed to demonstrate that counsel did not render reasonably competent representation, as required by *Strickland,* 466 U.S. at 687–91, 104 S.Ct. 2052. They join issue on whether, in order to satisfy *Strickland*'s prejudice prong, a section 2255 motion alleging ineffective assistance for failure to perfect a direct appeal must demonstrate that, if an appeal had been filed, it would have been successful.

In *Hooper v. United States,* 112 F.3d 83, 87 (2d Cir.1997), we considered an appeal from a denial of a section 2255 motion brought to challenge the failure of original trial counsel to file a notice of appeal. We examined the merits of the defendant's appellate arguments,[1] and, by so doing, we appeared to presume that, in order to succeed, the petitioner had to show that there was "a reasonable probability" that, but for the deficiency in counsel's performance, the petitioner would have filed a successful appeal. *See id.* at 87–88. In *Morales v. United States,* 143 F.3d 94, 95–96 (2d Cir. 1998) *(per curiam),* another section 2255

---

**1.** Since Hooper had not sought a certificate of appealability ("COA") to appeal the denial of his section 2255 motion, we treated his notice of appeal as a request for a COA and denied

the request for lack of a substantial showing of the denial of a constitutional right. *See Hooper,* 112 F.3d at 88.

case, the question was whether the defendant had received ineffective assistance of counsel where his retained lawyer had discussed with him the futility of appeal in the event that the sentencing court did what the sentencing court in fact proceeded to do, where the court had advised him of his appellate rights, and where he nevertheless manifested no desire to take an appeal. We refused to presume that counsel's performance was deficient in such circumstances. As we pointed out, many circumstances bear on whether counsel's failure to file an appeal constituted deficient representation, including

> whether defendant's counsel so advised him prior to sentencing . . ., or whether the court gave him notice of his appellate rights . . ., or whether the defendant had sufficient experience with the criminal justice system to know of his right to appeal without being told—not to mention the variable merits and prospects on appeal, especially one from a sentence imposed following a plea.

*Morales,* 143 F.3d at 96. We went on to hold that a defendant cannot claim that his lawyer provided ineffective assistance by failing to file an appeal unless he asked that such an appeal be filed. *See id.* at 97.

Neither *Morales* nor *Hooper* explicitly reckoned with Supreme Court decisions that dispense with an inquiry into the merits of the appeal when counsel fails to file a timely appeal from a federal conviction, *see Rodriquez v. United States,* 395 U.S. 327,

330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), or withdraws from an appeal of a state conviction because of a conclusory statement that the appeal lacks merit, *see Penson v. Ohio,* 488 U.S. 75, 88–89, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), *cf. Lozada v. Deeds,* 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991) (remanding, for reconsideration, denial of certificate of probable cause to appeal dismissal of section 2254 petition because issue of prejudice "could be resolved" under the approach taken by courts of appeals that presume prejudice "where a defendant's right to appeal has been denied by counsel's deficiencies").[2] *Rodriquez* and *Penson* are animated by a concern that requiring a *pro se* litigant on a section 2255 motion to demonstrate the merit of a hypothetical appeal would undermine the right to counsel enjoyed by every criminal defendant on direct appeal. *See Rodriquez,* 395 U.S. at 330, 89 S.Ct. 1715; *Penson,* 488 U.S. at 88, 109 S.Ct. 346. The principle of *Rodriquez* has recently been reconfirmed. *See Peguero v. United States,* —— U.S. ——, ——, 119 S.Ct. 961, 965–66, 143 L.Ed.2d 18 (1999) (O'Connor, J. concurring).

■ Nevertheless, our decisions in *Hooper* and *Morales* are consistent with what *Rodriquez* and *Penson* say about the right to counsel. Thus, although, in *Hooper,* we reached the merits of the defendant's appellate arguments, the District Court in *Hooper* had purported to revive the direct appeal and had appointed counsel who

---

2. Nor did *Hooper* reckon with the many court of appeals decisions that have declined to require a showing of prejudice on a section 2255 collateral attack where appellate counsel either has failed to file a timely notice of appeal, *see Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994); *United States v. Horodner,* 993 F.2d 191, 192 (9th Cir.1993) (implicit holding); *United States v. Peak,* 992 F.2d 39, 41–42 (4th Cir.1993); *Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.1982); *cf. Lozada v. Deeds,* 964 F.2d 956, 958–59 (9th Cir.1992) (rejecting requirement of prejudice for section 2254 petitioner); *United States v. Davis,* 929 F.2d 554, 556–57 (10th Cir.1991) (approving, without mention of prejudice, district court's grant of section

2255 relief where timely notice of appeal not filed); *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990) (rejecting requirement of prejudice for section 2254 petitioner), or has failed to pursue a timely filed appeal, *see Bonneau v. United States,* 961 F.2d 17, 19–23 (1st Cir.1992). Some of these courts have considered counsel's failure to file a notice of appeal to be ineffective assistance only if counsel ignores a specific request of the defendant. *See Castellanos,* 26 F.3d at 720; *Peak,* 992 F.2d at 42; *see also United States v. Nagib,* 56 F.3d 798, 800–01 (7th Cir.1995) (neither showing of prejudice nor inquiry concerning specific request for appeal by defendant required where defendant's allegation of request unchallenged).

briefed the merits. *See Hooper,* 112 F.3d at 86. So Hooper's section 2255 petition was pursued with the benefit of counsel. In *Morales,* we did suggest, in a paralepsis, that in order to show prejudice, the petitioner would have to consider "the variable merits and prospects of an appeal." *Morales,* 143 F.3d at 96. Notwithstanding this statement, those merits and prospects were never reached. Instead, we disposed of the case on the ground that the petitioner had never asked that an appeal be filed. *See id.* at 97. Thus, *Morales* stands for the proposition that in order to show that appellate counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed.[3] *See Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993). In light of *Rodriquez* and *Penson,* however, it is clear that the petitioner need *not* demonstrate that, but for the ineffectiveness of counsel, such an appeal would have succeeded or even would have had merit.

■ In the pending case, we are concerned, not with a failure to file an appeal, but with a failure to pursue a properly filed appeal. The Government has conceded that McHale's counsel provided constitutionally deficient assistance. Although that concession preempts our need to rule definitively as to what constitutes ineffectiveness in circumstances such as these, we add that most clients will expect their appellate lawyer to take all the necessary steps to perfect a filed appeal and will not normally request the lawyer to do so. Therefore, unlike the situation in *Morales,* where we required an affidavit from the client stating that he requested his lawyer to file an appeal, we need not impose upon a petitioner like McHale a requirement that he asked his lawyer to pursue an appeal that had been filed. Nevertheless, since it sometimes happens that a notice of appeal is filed by counsel as a precaution, before the lawyer has ascertained the client's wishes, and sometimes a client wants a filed appeal withdrawn, a petitioner challenging appellate counsel's abandonment of a filed appeal should file an affidavit stating that he wanted the appeal pursued, that he did not ask his lawyer to withdraw the appeal, and that he did not consent to withdrawal of the appeal. If the Government can come forward with evidence disputing these averments (for example, by eliciting contrary information from the lawyer), the burden of persuasion as to whether the client wanted the appeal pursued will be on the client, who is the claimant in the collateral attack.

■ Since a Sixth Amendment violation has been established in this case, we must now determine the remedy to which McHale is entitled. McHale filed a timely notice of appeal, thereby invoking our appellate jurisdiction. Thereafter, his appeal was dismissed for failure to perfect the appeal. In these circumstances, we need not remand for sentencing or even for entry of a new judgment,[4] the remedies other courts have used to redress the failure of appellate counsel to file a timely notice of appeal. *See Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.1982) (remand for resentencing); *United States v. Stearns,* 68 F.3d 328, 331 (9th Cir.1995) (remand for entry of new judgment); *Peak,* 992 F.2d at 42 (same); *see also Castellanos,* 26 F.3d at 720 (vacating conviction and remanding for entry of "an order providing the appropriate relief for the ineffective assistance: the defendant

---

3. In some circumstances, a remand might be required to determine whether the petitioner requested an appeal. Obviously, lawyers who do not want to become the subject of such a proceeding will adopt measures to avoid the problem. A prudent lawyer will either file a notice of appeal or file an affidavit from the client (or have the client state on the record) that he does not want to take an appeal.

4. Courts remanding for entry of a new judgment appear to regard it as a ministerial act, not a formal resentencing that might require the presence of the defendant.

receives the right to an appellate proceeding, as if on direct appeal . . ."); *cf. Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (restoring appellate rights to challenge state conviction by granting conditional writ in section 2254 case unless state appellate court grants leave to appeal original conviction).

■ Instead, we have jurisdiction to recall our mandate dismissing McHale's direct appeal for failure to prosecute and to reinstate that appeal. Though recalling the mandate is an unusual remedy, to be used sparingly, *see Sargent v. Columbia Forest Products, Inc.*, 75 F.3d 86, 89 (2d Cir.1996), we have used this procedure to relieve a party of an appellate default, *see Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1473, 1475 (2d Cir.1988), *rev'd in part on other grounds*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); *see also* Fed.R.App.P. 2 (authorizing relief from default). In the present context, recalling the mandate and reinstating the appeal is preferable to remanding for resentencing or even entry of a new judgment that might not be considered a formal resentencing. Resentencing might well require the presence of the defendant, especially if the defendant wished to assert that extraordinary circumstances now warrant a reduced sentence, *see United States v. Core*, 125 F.3d 74, 76–79 (2d Cir.1997) (downward departure available for extraordinary rehabilitation in prison). Transporting the prisoner can be avoided by simply reinstating the dismissed appeal. Even if entry of a new judgment may be regarded as something less than a formal resentencing, it at least requires the delay incident to the remand, *see United States v. Nagib*, 44 F.3d 619, 623, 625 (7th Cir. 1995) (Posner, C.J., dissenting) (preferring to reach the merits in order to avoid delay of a remand to consider remote possibilities concerning ineffectiveness of counsel), and might encounter unforeseen complica-

tions arising in a renewed district court proceeding.

In *Bonneau v. United States*, 961 F.2d 17 (1st Cir.1992), the First Circuit also considered, on appeal from the denial of a section 2255 motion, a case involving a timely filed appeal that it had previously dismissed for failure to prosecute and, after ruling counsel's performance to be ineffective, remanded for resentencing to facilitate a new appeal. *See id.* at 23. The First Circuit took that action because counsel's attempt to have the appeal reinstated had previously been rejected for violation of the Court's rule requiring such a motion to be filed within ten days after dismissal of an appeal because of a default. *See id.* at 18 & n. 2, 23 n. 4. We have no similar rule, and we have considered motions to recall a mandate and reinstate a dismissed appeal without regard to fixed time limits. *See Sargent*, 75 F.3d at 89; *Calloway*, 854 F.2d at 1475.

However, the recently enacted Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), contains a time limit that is arguably pertinent to McHale's case. AEDPA requires, with exceptions not relevant to the pending case, that a section 2255 motion must be filed within one year after a defendant's judgment of conviction becomes final. *See* 28 U.S.C. § 2255, ¶ 6 (Supp. II 1996). We have held that this one-year time limit will not bar a section 2255 motion filed within one year after the effective date of AEDPA, even though filed more than one year after the conviction became final. *See Mickens v. United States*, 148 F.3d 145, 146 (2d Cir.1998). AEDPA became effective on April 24, 1996, and McHale filed his section 2255 motion on April 23, 1997.[5] Though we would be unlikely to reinstate an appeal long after it had been dismissed for default, except in the most unusual circumstances, we conclude that it is appropriate

---

5. The motion, filed from prison, is dated April 16, 1997. *See Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245

(1988) (using date of prisoner's delivery of document to prison official for mailing to determine timeliness).

to place McHale's appeal back on the appellate track in view of his attempt to complain of the denial of effective assistance of appellate counsel via a section 2255 motion filed within the applicable time limit for such a motion. However, for the reasons stated, we deem it appropriate to accomplish the reinstatement expeditiously by recalling the mandate and reinstating the appeal, rather than by reversing the denial of the section 2255 motion.

### Conclusion

Treating the appeal as a motion to recall the mandate and reinstate the appeal, we recall the mandate in No. 95–1224, reinstate the appeal, and direct the Clerk to issue a scheduling order. The appeal from the denial of the section 2255 motion (No. 97–2966) having thereby become moot, we vacate the judgment of the District Court and remand with directions to dismiss as moot.