Joe BARRIOS, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 99 Civ. 5735(LLS),
95 Cr. 524(LLS).

United States District Court,
S.D. New York.

Aug. 18, 1999.

Joe Barrios, pro se.

## MEMORANDUM AND ORDER

STANTON, District Judge.

Petitioner Joe Barrios moves under 28 U.S.C. § 2255 to have his sentence vacated and reimposed so that he may file a new notice of appeal. Mr. Barrios claims he received inadequate assistance of counsel because his attorney, after filing a notice of appeal on Mr. Barrios' behalf, never filed any briefs, despite Mr. Barrios' desire to pursue his appeal. On October 31, 1997, the Court of Appeals dismissed Mr. Barrios' appeal "... pursuant to CAEP[1] for failure to comply with the scheduling order filed." (Docket No. 97–1364 Docket Sheet at 4).

On February 10, 1998, Mr. Barrios filed a motion to reinstate his appeal, which the Court of Appeals denied, stating, "Order FILED DENYING motion to reinstate appeal without prejudice to renewal upon submission of briefs and appendices [1128951–1] by Appellant Joe Barrios ..." (*Id.* at entry dated Feb. 19, 1998) (capitalization and brackets in original).

Because Mr. Barrios has apparently never attempted to renew his appeal, his present *habeas corpus* petition is dismissed for failure to exhaust that other available remedy. As far as the Court of Appeals docket shows, the opportunity to reinstate his appeal by submitting briefs and appendices is apparently still open to Mr. Barrios, despite the passage of time. As the Court of Appeals recently explained under similar circumstances:

> ... [W]e have considered motions to recall a mandate and reinstate a dismissed appeal without regard to fixed time limits. *See Sargent,* 75 F.3d at 89;[2] *Calloway,* 854 F.2d at 1475.[3]

> ... Though we would be unlikely to reinstate an appeal long after it had been dismissed for default, except in the most unusual circumstances, we conclude that it is appropriate to place McHale's appeal back on the appellate track in view of his attempt to complain of the denial of effective assistance of appellate counsel via a section 2255 mo-

---

1. "CAEP" refers to the Second Circuit Rules App. Part B—Revised Second Circuit Plan to Expedite the Processing of Criminal Appeals.

2. *Sargent v. Columbia Forest Products, Inc.,* 75 F.3d 86 (2d Cir.1996).

3. *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452 (2d Cir.1988).

tion filed within the applicable time limit for such a motion. However, for the reasons stated, we deem it appropriate to accomplish the reinstatement expeditiously by recalling the mandate and reinstating the appeal, rather than by reversing the denial of the section 2255 motion.

*McHale v. United States,* 175 F.3d 115, 120–21 (2d Cir.1999) (footnotes added).

The petition is dismissed for failure to exhaust other remedies. In view of this disposition, it is not necessary to consider whether the petition was timely under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, ¶ 6 (Supp. II 1996).

A certificate of appealability is granted to allow Mr. Barrios access to the Court of Appeals, which may wish to treat this application as a motion to reinstate the appeal, *cf. McHale* at 121.

So ordered.