UNITED STATES of America,
Appellee,

v.

Zheng FEI, also known as Big Head,
also known as Ta Doy, also known as
Jun Fei; Chen Kong, also known as
Yi Kong, Defendants,

Zhang Ai PING, also known as Ah
Gow, Defendant–Appellant.

Docket No. 01–1034.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2002.

Robert E. Nicholson, New York, NY, for Defendant–Appellant Zhang Ai Ping.

Amy K. Orange, Assistant United States Attorney for the Southern District of New York, N.Y. (James B. Comey, United States Attorney, and Andrew Ceresney, Assistant United States Attorney, on the brief), for Appellee the United States of America.

Present DENNIS JACOBS, WILFRED FEINBERG, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Zing Ai Ping appeals from a conviction and sentence of 135 month's imprisonment, three year's supervised release, and a mandatory special assessment of $150 by the United States District Court for the Southern District of New York (Patterson, J.). Ping pled guilty to racketeering in violation of 18 U.S.C. § 1962(c), hostage-taking in violation of 18 U.S.C. §§ 1203(a) & 1202, and crossing state lines to commit robbery in violation of the Travel Act, 18 U.S.C. §§ 1951 & 1952.

█ Ping appeals on the ground that his counsel rendered ineffective assistance. An ineffective assistance claim requires a showing of [i] error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and [ii] prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 466 U.S. 668 (1984). Ordinarily, ineffective assistance of counsel claims are not considered on direct appeal, but must be raised on collateral review. *See United States v. Pena,* 233 F.3d 170, 172 (2d Cir.2000). But we will decide the issue on direct review "when resolution is beyond any doubt or to do so would be in the interests of justice." *United States v. Stantini,* 85 F.3d 9, 20 (2d Cir.1996). This case requires no further factual development, and thus we may decide this case on the record before us.

Ping argues that his lawyer failed to move for [1] dismissal based on violation of the Speedy Trial Act and [2] a 50–month sentence reduction corresponding to the delay in sentencing based on his Sixth Amendment right to a speedy trial. Ping also argues that [3] the sentencing court made insufficiently particularized factual findings in the sentencing.

The Speedy Trial Act requires a criminal trial to commence within seventy days of the filing of the charging instrument or the appearance of the defendant before a judicial officer of the court. 18 U.S.C. § 3161(c)(1). Time is excluded based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and of the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Also excluded is "delay resulting from any pre-trial motion, from filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and from the physical inability of the defendant to stand trial. 18 U.S.C. §§ 3161(h)(1)(F) & (h)(4).

Ping has failed to establish any violation of the Speedy Trial Act (and therefore any ineffective assistance claim based on such a violation). The speedy trial clock began to run on February 23, 1996, when Ping first appeared before a magistrate judge in the Southern District. Time was both statutorily excluded and excluded by the court between August 9 and November 15, 1996 due to Ping's illness. Taking into account time excluded by the district court "in the interests of justice," only 46 days elapsed between Ping's first appearance and his guilty plea. Since there was no violation of the Speedy Trial Act, the first

ground for Ping's ineffective assistance claim fails.

■ Although the Speedy Trial Act does not establish a right to speedy sentencing, courts "acknowledge that the Sixth Amendment guarantee to a speedy trial applies to sentencing." *United States v. Bryce*, 287 F.3d 249, 256 (2d Cir.2002). Violations of the Sixth Amendment right to a speedy trial are evaluated under a four factor test which looks to

> [1] whether the delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for the delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result.

*Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). We analyze the second factor on a sliding scale which weighs the Government's purposeful attempts to delay trial heavily against it, while permitting valid reasons to justify an appropriate delay. *See Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The first and third factors weigh slightly in favor of Ping, but the remaining two factors weigh heavily against him. "A defendant's cooperation with the authorities pending sentence has been recognized as a good reason to delay sentence." *White v. Henderson*, 467 F.Supp. 96, 99 (S.D.N.Y. 1979). And as soon as the Government determined that it would decline to file a 5k1.1. motion, sentencing was prompt. Moreover, since 50 months has already been credited to Ping against his sentence of 135 months, it is difficult to see what prejudice has been suffered. *See Perez v. Sullivan*, 793 F.2d 249, 257 (10th Cir.1986) ("[T]he anxiety of an accused is not to be equated for constitutional purposes with anxiety suffered by one who is convicted, in jail, unquestionably going to serve a sentence, and only waiting to learn how long that sentence will be.").

■ "[J]ointly undertaken criminal activity" is relevant conduct for sentencing purposes, and includes "all reasonably foreseeable acts and omissions *of others* in furtherance of the jointly taken criminal activity." U.S.S.G. § 1B1.3(a)(1) (emphasis added). However, joint criminal activity in which the defendant personally participated does not entail particularized findings as to foreseeability. *See United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir.1996). Ping claims that the sentencing court included as relevant conduct certain robberies enumerated in Count Three of the indictment in which he did not personally participate.

Ping does not dispute his personal involvement in each of the predicate acts for RICO charged in Count One of the indictment, and in the hostage-taking charged in Count Two. That conduct alone gave rise to six grouping units and required a five offense level increase—the maximum allowed. U.S.S.G. § 3D1.4.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**