**UNITED STATES of America,**
**Appellee,**

v.

**Clarence JEFFERIES, Defendant–**
**Appellant.**

**No. 05–5057–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 6, 2007.

Thai H. Park and James Kim, Shearman & Sterling, LLP, New York, N.Y., for Petitioner.

Michael A. Levy and Katherine Polk Failla, Assistant U.S. Attorneys for the Southern District of New York, for Michael J. Garcia, U.S. Attorney for the Southern District of New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges, and Hon. EDWARD R. KORMAN, Chief District Judge.*

**SUMMARY ORDER**

Claiming that he was deprived of his constitutional right to the effective assis-

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

tance of counsel, defendant-appellant Clarence Jefferies appeals his conviction for access device fraud. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

To overturn his conviction on ineffective assistance grounds, appellant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" under the "prevailing professional norms." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If this showing is made, appellant must also prove that there is a "reasonable probability" that absent counsel's error, the outcome of the proceeding would have been different. *Id.* at 692, 694, 104 S.Ct. 2052; *see also Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994).

It is usually desirable that a claim for ineffective assistance be made "in the first instance to the district court," and we generally decline to hear such a claim on direct appeal. *United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990). We instead either permit the appellant to raise the issue collaterally, e.g., as part of a subsequent § 2255 petition, or remand to the district court for necessary fact-finding. *See, e.g., United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000). Nevertheless, we may decide such a claim on direct appeal when the alleged ground of ineffectiveness is sufficiently developed in the trial record. *See, e.g., United States v. De La Pava,* 268 F.3d 157, 163 (2d Cir.2001); *United States v. Pena,* 233 F.3d 170, 174 (2d Cir.2000) (per curiam).

In this case, every specific instance of allegedly inadequate representation by counsel is readily explainable in tactical or strategic terms. It is well-established that actions or omissions by counsel that "might be considered sound trial strategy" do not constitute ineffective assistance. *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955); *Mason v. Scully,* 16 F.3d 38, 42 (2d Cir.1994). Accordingly, Jefferies's appeal fails to satisfy the first prong of the *Strickland* test for ineffective assistance of counsel.

Appellant's conviction is, therefore, **AFFIRMED**.