17-2103-cr
United States v. Walsh

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                 *Circuit Judges,*
              BRIAN M. COGAN,*
                 *District Judge.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee,*

     v.                                   No. 17-2103-cr

EDWARD M. WALSH, JR.,

        *Defendant-Appellant.*

------------------------------------------------------------------

---

\* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:               NATHANIEL Z. MARMUR, The Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY.

FOR APPELLEE:                CATHERINE M. MIRABILE, Assistant United States Attorney (Kevin Trowel, Raymond A. Tierney, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Edward M. Walsh, Jr., appeals from a judgment of conviction of the District Court (Spatt, J.), following a jury trial where Walsh was found guilty of one count of theft of government funds in violation of 18 U.S.C. § 666(a)(1)(A) and one count of wire fraud in violation of 18 U.S.C. § 1341.   On appeal, Walsh argues that (1) his trial counsel was ineffective because counsel failed to file a motion to suppress cell-site evidence of Walsh's location, and (2) the Government violated its

2

obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) by failing to adequately document dozens of communications with its key witness. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court acted within its discretion in denying Walsh's motions for a new trial based on <u>Brady</u> and <u>Giglio</u> because Walsh failed to identify any exculpatory or impeachment evidence that the Government allegedly suppressed. <u>See</u> <u>United States v. Rivas</u>, 377 F.3d 195, 199 (2d Cir. 2004). Walsh argues that Special Agent Ken Hosey's forty-to-fifty interviews of Sheriff Vincent DeMarco, a key witness, shows that Sheriff DeMarco must have made inconsistent statements about Walsh's job duties in some of those interviews. Walsh also argues that Agent Hosey intentionally failed to take notes of his interviews with Sheriff DeMarco in order to avoid making a written record of any <u>Brady</u> or <u>Giglio</u> material. Although Walsh did not make these precise arguments before the District Court in his motions for a new trial, we reject them even assuming an abuse of discretion standard of review. In <u>United States v. Rodriguez</u>, 496 F.3d

221, 224–25 (2d Cir. 2007), we held that the Government does not violate its Brady or Giglio obligations by merely failing to take notes of its interviews with witnesses. Rodriguez forecloses Walsh's claim. Nor does the number of interviews by itself trigger a duty to take notes under Brady, although we continue to urge that the Government should never instruct its agents not to take notes "for the purpose of avoiding the disclosure" of false statements and inconsistencies by trial witnesses. Id. at 225 n.3. Here, although Agent Hosey testified inconsistently regarding the circumstances under which he takes notes, there is no evidence that the Government directed him not to take notes for the purpose of avoiding its Brady and Giglio obligations, which exist regardless of whether the exculpatory or impeachment material is oral or written. Id. at 226. Walsh's mere speculation that some exculpatory or impeachment material may have been withheld is not enough for him to prevail on appeal.

Finally, relying on Carpenter v. United States, 138 S. Ct. 2206 (2018), Walsh argues that he received ineffective assistance of counsel because counsel failed to move to suppress cell-site location information (CSLI) obtained without a warrant pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d). Although we would ordinarily

4

decline to address Walsh's ineffective assistance of counsel claim on appeal without prejudice to his ability to raise it in a motion pursuant to 28 U.S.C. § 2255, here the claim is a straightforward one, Walsh is represented by new counsel, and the record is complete with respect to this issue.   See United States v. Williams, 205 F.3d 23, 35–36 (2d Cir. 2000); United States v. Pena, 233 F.3d 170, 174 (2d Cir. 2000).

We conclude that Walsh cannot show that his trial counsel's performance was ineffective because we rejected the legal argument underlying his ineffective assistance claim in United States v. Zodhiates, 901 F.3d 137 (2d Cir. 2018).   As in Zodhiates, the Carpenter precedent was not available to counsel at the time of trial, because it was decided more than two years after Walsh's conviction. Walsh attempts to distinguish this case from Zodhiates by arguing that although Carpenter was not available at the time of his trial, United States v. Jones, 565 U.S. 400 (2012), upon which the Supreme Court relied in Carpenter, had been decided and provided a roadmap to counsel to move to suppress CSLI.   But we reject the argument that counsel was ineffective by failing to move to suppress CSLI based on Jones, because even if counsel had made such an argument, there is no

5

"reasonable probability that . . . the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Jones was decided based on the Government's physical intrusion on private property. 565 U.S. at 404–05. The collection of CSLI does not involve physical intrusion. Therefore, a reasonable officer acting after Jones could have reasonably and in good faith believed that CSLI collection pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d) did not require a warrant. The good-faith exception would have defeated any motion to suppress.

We have considered Walsh's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court