Bienvenido GARCIA, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket No. 00–2535.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 2001.

Decided Jan. 28, 2002.

Before WALKER, Chief Judge,
MESKILL, Circuit Judge, and KOELTL,
District Judge.[1]

KOELTL, District Judge.

Bienvenido Garcia appeals from the district court's denial of his *pro se* motion, pursuant to 28 U.S.C. § 2255, to set aside or correct his sentence.

## BACKGROUND

On September 25, 1998, pursuant to a plea agreement with the Government, Garcia pleaded guilty to a single count of conspiring to distribute and to possess with intent to distribute at least 100 grams of heroin. In the plea agreement, the parties noted their disagreement about whether Garcia's June 1988 conviction for driving while impaired by alcohol should increase his total number of criminal history points for sentencing purposes. Garcia contended that the conviction should not increase his criminal history points because it was (or should have been) sealed by the State court and was therefore a "legal nullity." Garcia also argued that the conviction should not be counted in calculating his criminal history points because it was remote in time and minor. If the conviction did not increase his criminal history points, Garcia had only one criminal history point and would have been eligible for a 2–level "safety valve" reduction in his offense level and relief from the mandatory minimum sentence of 60 months, resulting in a sentencing range of 37 to 46 months. If, as the Government contended, the conviction did increase Garcia's criminal history points, the applicable sentencing range would have been 60 to 63 months. The parties agreed that the defendant would not appeal a sentence of 46

Randolph Z. Volkell, North Bellmore, NY, for Petitioner–Appellant.

Dan Himmelfarb, Assistant United States Attorney, Mary Jo White, United States Attorney, Southern District of New York; Meir Feder, Assistant United States Attorney, on the brief, New York, NY, for Respondent–Appellee.

1. The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

months or less, and the Government would not appeal a sentence of 60 months or more.

On February 17, 1999, the court sentenced Garcia to the mandatory minimum sentence of 60 months, rejecting Garcia's contention that his June 1988 conviction should not be included in the criminal history calculation. After the court imposed sentence and advised Garcia of his right to appeal, Garcia's trial counsel said: "I want to place on the record that according to the sentence that your Honor's imposed, there is an appellate waiver in the plea agreement that is applicable in the case." The district judge responded: "All right. You can still claim ineffective assistance of counsel on appeal, the only issue left open. I am not suggesting for a moment that there are any grounds for it." Garcia did not file an appeal.

On November 29, 1999, Garcia filed a *pro se* motion to "vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255." Garcia alleged three grounds for his petition. Garcia first argued, as he had before sentence was imposed, that his June 1998 conviction should not have increased his criminal history points. Second, Garcia claimed that he should have received a two- or four-level reduction in his offense level because he played a minimal or minor role in the offense of conviction. Third, he argued that the district court should have granted him a reduction based on his willingness to consent to deportation, and because his status as a deportable alien made his sentence harsher than those imposed upon United States citizens. The Government opposed Garcia's motion, arguing that his claims were procedurally defaulted because they were not raised on direct appeal; that Garcia's claims were not cognizable in a § 2255 proceeding, because they did not raise a constitutional error, a lack of jurisdiction

in the sentencing court, or a fundamental defect resulting in a miscarriage of justice; and that the claims raised in the petition failed on the merits in any event.

Garcia submitted a "traverse" in response to the Government's opposition to his § 2255 motion. In the traverse, Garcia addressed the Government's arguments regarding procedural default by stating that he had in fact requested his trial counsel to file an appeal challenging his sentence, but that his attorney had refused to do so. Garcia also argued that both his trial counsel and the district court were incorrect in their statements, reflected in the record, that Garcia had waived his right to appeal. Garcia claimed that his trial counsel's failure to file the requested appeal and the incorrect advice regarding the availability of a right to appeal constituted cause for his failure to raise his claims on direct appeal, so that his procedural default should be excused. In the course of argument, Garcia's traverse also stated that his trial counsel's assistance was ineffective under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that the typical remedy for defense counsel's failure to file an appeal is reinstatement of the right to file an appeal.

On July 13, 2000, the district court denied Garcia's § 2255 motion, stating that "petitioner's claims are procedurally barred because he did not raise them by a direct appeal. In any event his petition is without merit." The district court also declined to issue a certificate of appealability.

We granted Garcia's motion for a certificate of appealability on January 24, 2001 and appointed counsel to represent him on appeal.

## DISCUSSION

■ Garcia's traverse and his papers on this appeal raise his trial counsel's alleged

ineffectiveness as cause for his failure to pursue his other claims on direct appeal. However, trial counsel's failure to file a requested appeal constitutes an independent ground for habeas relief.[2] *See Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"); *McHale v. United States*, 175 F.3d 115, 119 (2d Cir.1999) (failure to perfect an appeal constitutes ineffective assistance of counsel).

 As the Supreme Court recently explained, the familiar *Strickland* standard applies to claims of ineffective assistance of counsel in connection with the failure of trial counsel to pursue an appeal. *Flores–Ortega*, 528 U.S. at 476–77, 120 S.Ct. 1029. A petitioner must show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Id.* (internal citations omitted). A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable. *Id.* at 477, 120 S.Ct. 1029. The petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal. *Id.* at 484, 120 S.Ct. 1029; *McHale*, 175 F.3d at 119. This is so because the petitioner has been deprived of his right to a direct appeal whatever the merits of the appeal. *See Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (petitioner denied right

to appeal where counsel failed to file requested notice of appeal).

 If a petitioner has successfully shown that the petitioner was denied the right to direct appeal, the proper remedy is to vacate the sentence and remand for resentencing. *See Rodriquez*, 395 U.S. at 332, 89 S.Ct. 1715 (1969) (remanding to district court for resentencing where trial counsel failed to file a notice of appeal); *McHale*, 175 F.3d at 119–20 (noting that remand for resentencing or entry of new judgment is usual remedy for counsel's failure to file requested appeal); *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (vacating sentence and remanding for resentencing where attorney failed to file timely notice of appeal).

 A similar rule applies when the trial court fails to inform a defendant of the defendant's right to appeal. The defendant "need not specify what appellate claims [he] lost," and collateral relief is justified unless the Government can show by clear and convincing evidence that the defendant took an appeal, waived his right to appeal, or had independent knowledge of his right to appeal. *Soto v. United States*, 185 F.3d 48, 54–55 (2d Cir.1999).

 In this case, vacatur is warranted. Garcia's attorney advised him on the record that no appeal could be filed and the district court confirmed that incorrect advice. The Government does not dispute that the plea agreement did not waive Garcia's right to an appeal. When a defendant has been incorrectly advised by counsel that no appeal is possible, we do not require that the defendant have gone through the futile exercise of requesting counsel to file an appeal to demonstrate

2. Although he did not argue it in the papers, Garcia's counsel adopted this position at oral

argument.

that his counsel's ineffective assistance deprived him of an appeal that would have otherwise been filed. Instead, as when a court mistakenly informs a defendant that he has no right to appeal, relief is appropriate unless the Government can show by clear and convincing evidence that the defendant actually appealed or had independent knowledge of his right to appeal and elected not to do so. *Cf. Soto,* 185 F.3d at 54–55. The Government makes no such claim in this case, and there is nothing in the record to suggest that such a claim could be made.

The Government does argue that no relief is warranted because there is no merit to any of Garcia's substantive challenges to his sentence, all of which were considered and rejected by the district court. However, under the plain teaching of *Flores–Ortega* and *McHale,* Garcia is not required to establish the merits of any claim that he would have raised on direct appeal. A direct appeal differs from a collateral challenge to a sentence and Garcia was entitled to a direct appeal, with the assistance of counsel. *See Soto,* 185 F.3d at 54 ("It is well established that 'a collateral challenge may not do service for an appeal.'") (internal citation omitted).

### CONCLUSION

For the reasons explained above, the district court's judgment denying Garcia's § 2255 motion is vacated. In order to afford the defendant the opportunity to file a direct appeal, his sentence is also vacated and the case is remanded to the district court. The district court shall either (1) enter a new judgment imposing the same sentence in open court with defense counsel present, *see McHale,* 175 F.3d at 119–20 & n. 4, or (2) if the district court discerns any useful purpose in further con-

sidering the sentence, resentence the defendant.