**Carljohn J. LINEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 01–CV–1380.**

United States District Court, N.D. New York.

Sept. 28, 2004.

Carljohn J. Linen, Otisville, NY, for Plaintiff.

Steven A. Tyrrell, Assistant United States Attorney, Albany, NY, for Defendant.

1.  For printed publication in the Federal Reporter.

2.  Although Petitioner is now out of prison, he filed this motion while in prison. However,

## MEMORANDUM—DECISION AND ORDER [1]

KAHN, District Judge.

Petitioner Carljohn J. Linen ("Petitioner" or "Linen") now moves the Court for the following relief: (1) pursuant to 28 U.S.C. § 2255, a new judgment to be entered so that he may file a timely notice of appeal in order to appeal his conviction and sentence, and (2) for the appointment of counsel for representation in the entry of this judgment and to file the notice of appeal. The United States of America, as Respondent, opposes these motions.

## BACKGROUND

On or about May 3, 1988, Linen was convicted in County Court for Warren County, New York, for the sale of a controlled substance. Between January 31, 1999 and April 21, 1999, Linen took actual possession of a Mossberg 12 gauge, Model 500A pump shotgun, bearing Serial No. P569233. This gun was manufactured in North Haven, Connecticut prior to January 31, 1999. On April 21, 1999, Linen possessed this gun at his residence in Wilton, Saratoga County, in the Northern District of New York.

On June 4, 1999, a federal grand jury in Albany, New York returned a one-count indictment charging Linen with illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On July 28, 2000, Linen pled guilty to the indictment pursuant to a written plea agreement. The plea agreement did not provide for waiver of an appeal. On December 13, 2000, Linen was sentenced to 30 months imprisonment.[2] Petitioner states that on

the present action is not moot because a change in the judgment could affect his status as a convicted felon.

numerous occasions he spoke with Attorney Hyath B. Gross about appealing the ruling. After not hearing from his attorney for some time, Petitioner wrote to Lawrence Baerman, Clerk of the Court, and inquired as to the status of his notice of appeal. Petitioner received a letter from Clerk Baerman, stating that no notice of appeal had been filed on his behalf. After Linen received this letter, he filed his 28 U.S.C. § 2255 motion.

## DISCUSSION

### I. Standard of Review for Motion under § 2255

As one court noted, the collateral attack on a guilty plea under § 2255 is "quite stringent" because it is "presume[d] that the proceedings which led to defendant's conviction were correct." *United States v. Moss*, 137 F.Supp.2d 1249, 1256 (D.Kan. 2001).

Ineffective assistance of counsel claims are appropriately brought as § 2255 petitions. "Non-constitutional errors of law, including sentencing errors, do not provide a basis for collateral attack under § 2255 unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Berkovits v. United States*, 1998 WL 289691, 1998 U.S. Dist. LEXIS 8195 (S.D.N.Y. June 3, 1998) (citations omitted). A § 2255 movant can successfully challenge a guilty plea conviction based on ineffective assistance of counsel when petitioner has been deprived of his right to a direct appeal whatever the merits of the appeal. *Garcia v. United States*, 278 F.3d 134, 134 (2d Cir.2002); *McHale v. United States*, 175 F.3d 115, 119 (2d Cir.1999).

### A. Ineffective Assistance of Counsel

When a petitioner claims ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

▆ The Second Circuit deems a lawyer's actions to be professionally unreasonable, and therefore ineffective assistance of counsel, when he fails to file an appeal specifically instructed by his client. *Garcia*, 278 F.3d at 134 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). "A prudent lawyer will either file a notice of appeal or file an affidavit from the client that he does not want to take an appeal." *McHale*, 175 F.3d at 119. When a petitioner has been deprived of his right to a direct appeal because his attorney has failed to follow his instructions and so file, it does not matter whether there is any merit to that appeal—ineffective assistance of counsel has been demonstrated. *Garcia*, 278 F.3d at 134.

#### 1. Petitioner's Argument

▆ Petitioner moves for a new judgment to be entered imposing the same sentence. In so moving, Petitioner states that on three occasions he spoke with Attorney Gross about making arrangements for an appeal on this matter. (Dkt. No. 2). "Attorney Gross made it clear to me that ... I would be best advised to plead guilty and make my challenge ... at another time in a higher court." (Dkt. No. 10). Petitioner also states that he spoke with Gross and "I told him that I wished to pursue an appeal .... He informed me that he would arrange for my appeal." (Dkt. No. 10). After not hearing from Gross for some time, Petitioner wrote to Clerk Baerman, and inquired as to whether Gross had filed a notice of appeal. (Dkt. No. 2). Petitioner received a letter from the Clerk, stating that no notice of appeal had been filed on his behalf. (Dkt.

No. 2 Attachment A). The United States contends that Petitioner never requested that Gross appeal his conviction and sentence, nor did he express an interest in doing so, but the United States did not provide an affidavit from Gross confirming these facts. (Dkt. No. 9).

It is well-settled that illegal possession by a convicted felon of a firearm that has previously traveled in interstate commerce is sufficient for conviction under 18 U.S.C. § 922(g)(1), and therefore Petitioner's appeal likely has no merit. However, the Second Circuit has held that the failure to file an appeal is presumed to be ineffective assistance of counsel. This Court has no other option but to re-enter judgment due to that ineffective assistance and impose the same sentence. *Garcia,* 278 F.3d at 138; *McHale,* 175 F.3d at 119–20.

### B. Appointment of Counsel

■ Petitioner asks for counsel to be appointed for entry of a new judgment and to pursue his direct appeal. Petitioner has a right to counsel provided by the state for his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 393–94, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (citing *Douglas v. People,* 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). When a criminal defendant brings an appeal, "the appellant must face an adversary proceeding that is governed by intricate rules that to a layperson would be hopelessly forbidding." *Id.* "An unrepresented appellant ... is unable to protect the vital interests at stake," if not represented by counsel. *Id.* at 396, 105 S.Ct. 830.

Therefore, Petitioner is entitled to counsel on his first direct appeal as of right. Counsel will be appointed for the entry of a new judgment with the same sentence, and for the possible pursuit of an appeal.

### CONCLUSION

Accordingly, it is hereby

ORDERED that Petitioner's request for entry of a new judgment with the same sentence so that he may file a notice of appeal is **GRANTED**; and it is further

ORDERED that judgment be re-entered and the same sentence imposed at a hearing scheduled for *November 4, 2004 at 11:30 am;* and it is further

ORDERED that an attorney will be appointed to represent Petitioner for the entry of the new judgment and the possible pursuit of an appeal.

IT IS SO ORDERED.