**Kyle JOHNSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 03–2414.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2005.

Robert L. Moore, West Hempstead, NY, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney, Thomas S. Duszkiewicz,

Assistant United States Attorney, on the brief), Buffalo, NY, for Appellee.

Present: JNEWMAN, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioner-appellant Kyle Johnson appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255, collaterally attacking his conviction on charges related to the possession of cocaine base. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews a district court's denial of a habeas petition *de novo,* and reviews factual findings for clear error. *Anderson v. Miller,* 346 F.3d 315, 324 (2d Cir.2003).

■ Johnson first argues that after improper questioning by the prosecutor prompted a mistrial in his case, his retrial violated the Double Jeopardy Clause of the Fifth Amendment to the federal Constitution. As cause for not raising this issue on direct appeal, Johnson cites ineffective assistance of counsel. *Cf. Garcia v. United States,* 278 F.3d 134, 136–37 (2d Cir.2002). Johnson also argues that his counsel rendered ineffective assistance by failing to raise this issue at the commencement of the second trial.

To make out an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness, and that he suffered prejudice in that there is a reasonable probability that the outcome of his case would have been different had

his counsel not been deficient. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Double Jeopardy Clause permits retrials after defendant successfully moves for a mistrial, regardless of prosecutorial error, so long as the prosecutor did not intend to goad defendant into requesting a mistrial or otherwise subvert the protections of the Double Jeopardy Clause. *United States v. Dinitz,* 424 U.S. 600, 607–08, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Oregon v. Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *United States v. Pavloyianis,* 996 F.2d 1467, 1473 (2d Cir.1993). The question of intent is a finding of fact, *Oregon,* 456 U.S. at 675, which we must accept unless it is clearly erroneous.

While the prosecutor in Johnson's case certainly erred, we cannot say that the district court's finding that he had no intent to provoke a mistrial was clearly erroneous. The prosecutor's repeated questioning about prior arrests could be seen as merely an overzealous attempt to question Johnson's credibility. Nor are we convinced that the testimony of the missing witness, Joseph Richards, was so crucial that it created a clear motive for the prosecutor to delay the trial. In light of these conclusions, there was no substantial claim available that double jeopardy barred a retrial. We therefore hold that it was not objectively unreasonable for Johnson's counsel to fail to raise this argument either at trial or on direct appeal. *See Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

■ Johnson next argues that the district erred by not holding an evidentiary hearing on whether his trial counsel denied him the right to testify at his second trial. Where a Section 2255 petition cannot be decided from the face of the petition and

the files and records of the case, a "prompt hearing" is required. 28 U.S.C. § 2255. However, courts have discretion to determine whether to grant a full evidentiary hearing or to rely on other expansions of the record to determine whether the petitioner has a substantial claim. *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001); *see also Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). We hold that because Johnson testified at his first trial and thus knew of his right to testify, it was not an abuse of discretion for the district court to avoid the delay and expense of a full evidentiary hearing.

For the above reasons, we affirm the judgment of the district court.