**UNITED STATES of America,**
**Appellee,**

v.

**Matthew POSNICK, Defendant–**
**Appellant.**

**Docket No. 04–5583.**

United States Court of Appeals,
Second Circuit.

June 24, 2005.

Burton T. Ryan, Jr., Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief), Brooklyn, NY, for Appellee, of counsel.

Present: MINER, STRAUB, Circuit Judges, and KEENAN, District Judge.*

**SUMMARY ORDER**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the present appeal is DISMISSED.

On August 17, 1999, defendant pleaded guilty before the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*), to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21

---

* The Hon. John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

U.S.C. § 841(b)(1)(A)(vii). As part of his plea agreement, defendant promised to cooperate with law enforcement. All parties agree that defendant amply fulfilled that commitment. The government expressed its high opinion of defendant's assistance in a sentencing letter submitted to the District Court on April 23, 2004, pursuant to U.S.S.G. 5K1.1.

On April 30, 2004, defendant appeared before the District Court for sentencing. In addition to the government's 5K1.1 letter, the District Court was advised by a Presentence Report ("PSR"), and the unsworn testimony of several character witnesses who appeared on Posnick's behalf. After considering all of this evidence the District Court sentenced Posnick principally to 100 months' imprisonment, a $20,000 fine, a $100 special assessment, and a three year term of supervised release.

After imposing sentence, the District Court advised Posnick that he had "the right to appeal from the order of the court, the judgment of guilt and from the sentence." The District Court further informed Posnick that he had the right to an attorney on appeal and that an attorney would be provided if Posnick could not afford to retain representation. Finally, the District Court notified Posnick that if he so requested "the clerk of court must immediately prepare and file a notice of appeal on [his] behalf;" but that Posnick had only ten days in which to make such a request; and that if he did not request appeal within ten days his right to appeal would be forfeit.

All parties agree that Posnick did not timely file or request the clerk to file an appeal. Judgment was entered on May 17, 2004, and the case was terminated. On August 5, 2004, substitute counsel for Posnick entered a notice of appearance in the District Court. On August 9, 2004, substitute counsel moved for an extension of time in which to file an appeal of sentence.

The government opposed, arguing that the District Court was without jurisdiction to grant the motion to extend time because the statutory period in which to appeal had, by any measure, elapsed. The District Court agreed and, by order dated September 1, 2004, denied the motion to extend time. Posnick appealed. Because we agree with the District Court that failure by Posnick to file a timely notice of appeal imposes a jurisdictional bar, we dismiss the appeal.

■ It is well-settled that failure to file a notice of appeal within the time limits provided in Appellate Rule of Procedure 4(b) operates as a bar against our jurisdiction to consider the merits of an appeal. *See, e.g., United States v. Fuller,* 332 F.3d 60, 64 (2d Cir.2003). The maximum period allowed under Rule 4(b) is forty days. *Id.* Judgment was entered in this case on May 17, 2005. Request for extension of time was not made until August 2005, well after the maximum forty-day period had elapsed. In this circumstance, we are without jurisdiction to consider any appeal.

■ Posnick does not dispute that, at present, we do not have jurisdiction to consider his appeal. Rather, he argues that well before time had elapsed, he asked his attorney to file an appeal of sentence but that his attorney refused to do so, stating, erroneously, that Posnick had, as part of his plea agreement, waived his right to appeal sentence. Because this failure, if it occurred, would "constitute[ ] ineffective assistance of counsel, entitling [Posnick] to relief," *Fuller,* 332 F.3d at 64 (citing *Garcia v. United States,* 278 F.3d 134, 137 (2d Cir.2002)), Posnick requests that, in addition to dismissing his claim for lack of jurisdiction, we direct the District Court to enter a substitute judgment, effectively restarting the Rule 4(b) clock. *See Fuller,* 332 F.3d at 64–66.

Sixth Amendment ineffectiveness claims are generally reserved for collateral review. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."). We generally follow this policy. *See, e.g., United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003). We have, however, expressed a willingness to entertain ineffectiveness claims on direct review in cases "in which the defendant has a new counsel on appeal and argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Salameh,* 152 F.3d 88, 160 (2d Cir.1998).

Posnick's ineffectiveness claim does not qualify for this exception. While he has retained new counsel, the facts that underlie his claim of ineffective assistance are in contest and have not been developed fully on the record before us. We also decline to grant Posnick the relief that he seeks under *Fuller.* In that case we diverged from our general policy, in part, because "[t]here [was] no dispute that [defendant] requested his counsel to file a notice of appeal." That is precisely the issue presently at contest between Posnick and the government. It is a dispute best resolved on *habeas* review.

We have considered defendant's remaining arguments and find each of them to be without merit. For the foregoing reasons, we DISMISS the appeal.