UNITED STATES of America, Appellee,

v.

Joseph MEDLEY, Defendant–Appellant.

No. 06–3204–cr.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), Western District of New York, New York, N.Y., for Appellee.

Bruce R. Bryan, Syracuse, N.Y., for Appellant.

Present: WILFRED FEINBERG, RALPH K. WINTER, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Joseph Medley appeals from a judgment of conviction entered on July 1, 2005 in the United States District Court for the Western District of New York (Elfvin, J.), following a jury trial, for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and two counts of use of a communication facility to commit a drug trafficking offense in violation of 21 U.S.C. § 843(b). We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

Medley's judgment of conviction was entered on July 1, 2005. Thus, pursuant to Rules 4(b)(1) and 26 of the *Federal Rules of Appellate Procedure,* his ten-day period for filing the notice of appeal expired on July 18, 2005, and under Rule 4(b)(4), his thirty-day extension period for "excusable neglect or good cause" expired on August 17, 2005. Medley, who continued to be represented by counsel throughout the relevant period, did not file a notice of appeal, but on November 15, 2005, filed a motion to extend the time to file a notice of appeal, which the district court granted. In accordance with the district court's order granting his motion, Medley filed his notice of appeal on December 1, 2005, approximately five months after the judgment of conviction was entered on July 1, 2005.

Medley concedes that his notice was untimely, but argues that we can consider his appeal pursuant to *United States v. Fuller,* 332 F.3d 60, 64–66 (2d Cir.2003) (abro-

**16**

gated on other grounds by *United States v. Frias,* 521 F.3d 229, 231 (2d Cir.2008)). In *Fuller,* we held that where a defendant's attorney fails to timely file a notice of appeal when his client so requests, the appropriate remedy is to remand to the district court with instructions to vacate the judgment and enter a new judgment from which a timely appeal can be made. *See also Garcia v. United States,* 278 F.3d 134, 137 (2d Cir.2002) ("[T]rial counsel's failure to file a requested appeal constitutes an independent ground for habeas relief." (footnote omitted)). Upon review of the record, we conclude that the *Fuller* remedy is warranted here. Medley repeatedly communicated to his attorney that he wanted to appeal his case, and that he sought to do so with his attorney's assistance. His attorney in turn informed Medley that he would either file the appeal or procure alternative counsel for Medley to do so, but despite repeated inquiries from Medley, did neither. In his motion requesting an extension of time, Medley's attorney in effect concedes that he failed to file a notice of appeal as requested by Medley, and goes on to request that Medley not suffer for the attorney's "failure to file this Notice in a timely fashion." It is this concession that distinguishes this case from *United States v. Moreno–Rivera,* 472 F.3d 49, 52 (2d Cir.2006), in which we declined to adopt the *Fuller* remedy because it was unclear that the defendant asked his counsel to file an appeal.

For the reasons stated above, the government's June 26, 2007 motion to dismiss Medley's appeal is denied. Medley's appeal is dismissed for lack of jurisdiction, and remanded with directions to enter a new judgment, from which a timely appeal may be taken. Pursuant to Rule 4(b) of the *Federal Rules of Appellate Procedure,* Medley shall have 10 days to appeal that judgment, and another 30 days if he is granted an extension. Any such appeal shall be returned to this panel pursuant to *United States v. Jacobson,* 15 F.3d 19, 21–23 (2d Cir.1994). No further briefing shall be permitted, except for good cause shown. Because we remand for entry of a new judgment, we decline to address Medley's arguments that the government waived or forfeited its objection to the untimely notice, *see Frias,* 521 F.3d at 234, or that we should remand for resentencing because the district court failed to inform Medley of his right to appeal, *see, e.g., Soto v. United States,* 185 F.3d 48, 54–55 (2d Cir. 1999).