22-13
*Abreu v. U.S.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
>> *Circuit Judges.*

_____

EDWARD ABREU,

> *Petitioner-Appellant,*

> v.                                                       No. 22-13

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

_____

FOR APPELLANT:                               ANDREW FREIFELD, ESQ., New York,
                                             NY.

FOR APPELLEE:                                THOMAS JOHN WRIGHT, Hagan
                                             Scotten, *for* Damian Williams, United
                                             States Attorney for the Southern
                                             District of New York, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 13, 2021, is **VACATED** and **REMANDED**.

Petitioner-Appellant Edward Abreu appeals from a judgment denying his *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This Court granted a certificate of appealability limited to a single issue: whether Abreu's attorneys provided ineffective assistance by advising him that he could not file a direct appeal due to his plea agreement. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

Abreu pled guilty pursuant to a plea agreement to conspiracy to distribute at least 500 grams but less than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846(b)(1)(B). Under the terms of that agreement, Abreu agreed not to appeal or collaterally attack any sentence between 97 and 121 months' imprisonment, but reserved the right to assert on appeal and on collateral review claims of ineffective assistance of counsel. After determining that Abreu read the plea agreement and understood it, the district court accepted his plea and imposed a sentence of 120 months' imprisonment. At sentencing, the district court stated:

> Mr. Abreu, I need to advise you of your right to appeal. If you're unable to pay the cost of an appeal, you may apply for leave to appeal *in forma pauperis*. Any notice of appeal must be filed within 14 days of the judgment of conviction.

Dist. Ct. Dkt. 294 at 19–20. Abreu did not appeal.

On November 29, 2021, Abreu filed a *pro se* § 2255 Petition, alleging, among other things, that his retained counsel provided ineffective assistance by advising him that he could not appeal his conviction due to his plea agreement. The district court summarily denied Abreu's petition. The district court reasoned that, to establish an ineffective assistance of counsel claim, Abreu was required to show that he asked his attorneys to file a notice of appeal and they ignored his instructions. Abreu did not claim that he explicitly asked his lawyer

to appeal.  The district court also found that Abreu could not "plausibly claim in this petition that he lacked knowledge of his rights," given that the district court informed Abreu of his right to appeal during sentencing.  App'x 49.  Finally, in assessing whether Abreu suffered any prejudice due to counsel's alleged ineffectiveness, the district court reviewed the merits of the arguments Abreu would have raised on appeal and concluded that he would not have succeeded in any event.  The district court thus denied his petition and declined to issue a certificate of appealability.

Abreu timely appealed, and we granted a certificate of appealability as to one issue: "[W]hether Appellant's attorneys provided ineffective assistance by advising him that he could not file a direct appeal due to his plea agreement.  *See Garcia v. United States*, 278 F. 3d 134, 137–38 (2d Cir. 2002)."  App. Ct. Dkt. 25.

Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law."  28 U.S.C. § 2255(b).  To warrant a hearing on an ineffective assistance of counsel claim, the petitioner need only establish a plausible claim for relief, not that they will necessarily succeed on the merits of

4

the claim. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). When a district court denies any form of an evidentiary hearing, "our review . . . is for clear error as to issues of fact, such as a district court's determination that the record precludes the claim, and *de novo* for issues of law."[1] *Id.* at 215.

In general, a defendant asserting ineffective assistance of counsel must show that the counsel's performance was (a) "deficient" according to "an objective standard of reasonableness," and (b) "prejudicial," defined as giving rise to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Where counsel is accused of failing to file a notice of appeal, the *Strickland* analysis turns on the specific interactions between the lawyer and the defendant.

First, if the defendant asks the lawyer to file an appeal, and the lawyer "disregards specific instructions" to do so, then the lawyer has provided ineffective assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). This is true even if the lawyer believes the appeal to be frivolous, in which case the lawyer

---

[1] In quotations from caselaw and the parties' briefing, this opinion omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

must nevertheless file the notice of appeal but may submit an *Anders* brief seeking the district court's permission to withdraw. *Campusano v. United States*, 442 F.3d 770, 771–72 (2d Cir. 2006) (citing *Anders v. California*, 386 U.S. 738 (1967)).

Second, if the defendant does not ask the lawyer to file an appeal, then the question turns on whether the lawyer violated the "duty to consult" the client under the totality of the circumstances. *Flores-Ortega*, 528 U.S. at 478–80 (identifying various factors relevant to this analysis, such as "whether the defendant received the sentence bargained for as part of the plea" or "whether the plea expressly reserved or waived some or all appeal rights"). Not every case requires affirmative consultation—for example, if "a sentencing court's instructions to a defendant about [the defendant's] appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." *Id.* at 479–80.

In *Garcia*, we considered a third scenario: when the lawyer mistakenly advises the defendant that there is no right to appeal. 278 F.3d at 137–38. In that case, the defendant is not required to perform "the futile exercise of requesting counsel to file an appeal" to show that counsel's ineffective assistance deprived the defendant "of an appeal that would have otherwise been filed." *Id.* Rather,

when counsel mistakenly advises that a defendant has no right to appeal, relief is warranted "unless the Government can show by clear and convincing evidence that the defendant actually appealed or had independent knowledge of [the defendant's] right to appeal and elected not to do so." *Id.* at 138. Stated differently, if counsel gives the defendant erroneous information about the defendant's right to appeal, the defendant is presumed to have made a showing of deficiency and prejudice, and the burden shifts to the government to show by "clear and convincing evidence" that the defendant had "independent knowledge" of the right to appeal.

Here, if counsel misadvised Abreu that he could not appeal, Abreu was not required to go through "the futile exercise of requesting counsel to file an appeal" once counsel informed him no appeal was possible. *Id.* at 137. Rather, Abreu is entitled to relief unless the government can show by clear and convincing evidence that he had independent knowledge of his right to appeal but chose not to do so. *Id.* at 138.

While Abreu confirmed that he read and understood his plea agreement, and the district court informed Abreu at sentencing of his right to appeal, this evidence does not conclusively establish that Abreu is entitled to no relief.

Although the district court essentially found that Abreu had independent knowledge of his right to appeal based on the plea agreement and the district court's own instruction, the district court did not make that finding to a "clear and convincing" standard. *Id.* And absent further evidence regarding the timing and circumstances of counsel's alleged erroneous advice, we cannot conclude that the record would support a determination based on clear and convincing evidence that Abreu was independently aware of his right to appeal.

Moreover, we doubt that a district court's instruction regarding a defendant's right to appeal alone can meet the "clear and convincing" standard. Pursuant to Federal Rule of Criminal Procedure 32(j), a district court "must," after sentencing, "advise the defendant of any right to appeal the sentence." Fed R. Crim. P. 32(j)(1)(B). If a district court's routine recitation of the right to appeal, delivered when a defendant is under unusual stress, sufficiently confers "independent knowledge" regardless of the lawyer's conduct, then Rule 32(j) effectively becomes a shield for any post-sentencing attorney errors. This outcome violates the *Flores-Ortega* principle that "defendants not be forced by attorney error to accept 'the forfeiture of a proceeding itself,'" especially in cases

"where the defendant is the only person who believes an appeal would be worthwhile." *Campusano*, 442 F.3d at 777 (quoting *Flores-Ortega*, 528 U.S. at 483).

Because the record does not conclusively establish that Abreu was independently aware of his right to appeal and chose not to exercise that right, the district court should have conducted a hearing on Abreu's § 2255 motion.

* * *

For the foregoing reasons, we **VACATE** the district court's order and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
