Thomas v. United States

In the

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2023
Argued: December 6, 2023
Decided: February 21, 2024

No. 22-2026

_____

GREGORY THOMAS,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before: JACOBS, SACK and NARDINI, *Circuit Judges.*

Petitioner-Appellant alleges ineffective assistance of counsel for failure to

file an appeal from his resentencing, and he appeals the denial of his federal

habeas petition pursuant to 28 U.S.C. § 2255 without fact-finding.   As we held in

Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), a district court must

engage in a fact inquiry when a habeas petitioner alleges that counsel failed to

file a requested notice of appeal.    We therefore **VACATE** the district court's order and **REMAND** the case for further proceedings.

————————————

BERNARD V. KLEINMAN, Law Office of Bernard V. Kleinman, PLLC, Somers, NY, *for Petitioner-Appellant*.

RAJIT S. DOSANJH (Michael F. Perry, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY, *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Gregory Thomas alleges that his counsel provided ineffective assistance by disregarding instructions to file an appeal from resentencing; Thomas now appeals the denial of his federal habeas petition pursuant to 28 U.S.C. § 2255.[1]    We conclude that the United States District Court for the Northern District of New York (Scullin, *J.*) erred in failing to make a fact inquiry pursuant to Campusano v. United States, 442 F.3d 770 (2d Cir. 2006). We therefore vacate and remand for further proceedings.

———————————

[1] In citations, "A" refers to the appendix, and "GA" refers to the government appendix.

2

**I.**

In 2006, Thomas was convicted by a jury on twenty-two counts (including, among others, murder for hire, drug-trafficking offenses, and mail fraud) and later sentenced principally to 155 years of imprisonment. After the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), the district court vacated two counts of conviction (which are not at issue in this appeal). When he was re-sentenced in July 2020 to approximately 24 years of imprisonment, Thomas was represented by a federal public defender. No appeal was filed.

Thomas filed a timely <u>pro se</u> § 2255 petition in August 2021, arguing—as relevant here—that the public defender provided ineffective assistance of counsel for disregarding an instruction to file an appeal. The underlying substantive issue Thomas wanted to appeal was a typographical error on his verdict sheet; specifically, for Count 10 (a firearm offense under 18 U.S.C. § 924(c)(1)), the verdict sheet erroneously described the predicate offense as a "crime of violence" rather than a "drug trafficking crime." The § 2255 petition alleged:

> Here, Thomas *swears* he instructed his most-recent sentencing lawyer to file a notice of appeal on his behalf, and that clearly was not done.

3

GA48 (emphasis added).

The district court denied Thomas's petition on April 27, 2022, ruling that Thomas "has not met his burden" under "a preponderance of the evidence" standard "of showing that his counsel's conduct fell below an objective standard of reasonableness." A57–58 (citation omitted). The district court found insufficient Thomas's "swear[ing]" that he told his lawyer to file an appeal, emphasizing:

> [I]t is unclear when and how he made such request, whether there were any discussions about the request, whether he followed up with counsel, whether he was aware of the deadlines to appeal, or if [he] agreed to forgo the appeal.

A58.

On Thomas's motion for reconsideration, the district court recapitulated its prior analysis and quoted Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013), for the proposition that a district court is not required to hold a § 2255 hearing if a petition raises only "vague, conclusory, or palpably incredible" allegations. GA81–82.

## II.

In the § 2255 context, factual findings are reviewed for clear error and questions of law are reviewed de novo. See Triana v. United States, 205 F.3d 36,

4

40 (2d Cir. 2000). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." LoCascio v. United States, 395 F.3d 51, 54 (2d Cir. 2005) (quoting United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998)). Generally, a defendant alleging ineffective assistance of counsel must show that the counsel's performance was (a) "deficient" according to "an objective standard of reasonableness," and (b) "prejudicial," meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 692–94 (1984).

When a district court declines to hold a § 2255 hearing, we review that decision under the more deferential standard of abuse of discretion. Gonzalez, 722 F.3d at 131. "A court abuses its discretion when it takes an erroneous view of the law, makes a clearly erroneous assessment of the facts, or renders a decision that cannot be located within the range of permissible decisions." Id.

In this case, the district court abused its discretion and committed a legal error by summarily denying Thomas's petition without fact-finding. The right to appeal has long been recognized as sacrosanct, particularly in cases involving

5

"the loss of a chance at an entire appellate proceeding." Campusano, 442 F.3d at 775. Where counsel is accused of failing to file a notice of appeal, the usual Strickland analysis turns on the specific interactions between the lawyer and the defendant:

1. A lawyer who "disregards specific instructions" to file an appeal provides ineffective assistance. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). This is true even if the lawyer believes the appeal to be frivolous; in such a case, the lawyer must nevertheless file the notice of appeal but may submit an Anders brief seeking the permission of the court of appeals to withdraw. Campusano, 442 F.3d at 771–72 (citing Anders v. California, 386 U.S. 738 (1967)).

2. If the defendant does not ask the lawyer to file an appeal, the question turns on whether the lawyer has a "duty to consult" the client under the totality of the circumstances. Flores-Ortega, 528 U.S. at 478–80 (identifying various factors relevant to this analysis, such as "whether the defendant received the sentence bargained for as part of the plea" or "whether the plea expressly reserved or waived some or all appeal rights"). Not every case requires affirmative consultation—for example, if "a sentencing court's instructions to a

defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." Id. at 479–80.

3. If the lawyer mistakenly advises the defendant that there is no right to appeal, then the defendant is presumed to have shown deficiency and prejudice under Strickland. Garcia v. United States, 278 F.3d 134, 137–38 (2d Cir. 2002). The burden then shifts to the government to "show by clear and convincing evidence that the defendant actually appealed or had independent knowledge of his right to appeal and elected not to do so." Id. at 138.

\* \* \*

Here, Thomas "swears" that he instructed his lawyer to file an appeal and that his lawyer specifically disregarded this instruction. GA48. Although "vague, conclusory, or palpably incredible" allegations of attorney error will ordinarily not entitle a § 2255 petitioner to an evidentiary hearing, Gonzalez, 722 F.3d at 130, we have explicitly required such a hearing "[w]hen a defendant *claims* that his attorney failed to file a requested notice of appeal." Campusano, 442 F.3d at 776 (emphasis added). Thomas's failure to specify "when and how he made such request," A58, is therefore no basis for denying the petition without fact-finding. That uncertainty is the very reason for a fact inquiry: so

7

that the district court may determine "whether the client requested the appeal," notwithstanding the allegation. Campusano, 442 F.3d at 776.

A Campusano inquiry does not need to be burdensome, and a "district court has discretion to determine if a testimonial hearing will be conducted." Id. (citing Chang v. United States, 250 F.3d 79, 85–86 (2d Cir. 2001)). In many cases, the district court may discharge this obligation by accepting affidavits from the defendant's prior counsel, including those filed as part of the government's opposition papers. See, e.g., Dolney v. United States, No. 07-cv-4040, 2011 WL 73076, at *4 (E.D.N.Y. Jan. 10, 2011) (Garaufis, *J.*) (dismissing the § 2255 petition when the government opposition filing included an affidavit from the petitioner's attorney, stating that "[a]t no time did [the petitioner] request that I file a notice of appeal").

*     *     *

For the foregoing reasons, we **VACATE** the order of the district court and **REMAND** for further proceedings consistent with this opinion.