22-1062-cr
*United States v. Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand twenty-five.

Present:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                              No. 22-1062-cr

LEITSCHA PONCEDELEON, ROBERTO FIGUEROA, JONATHAN CRUZ-CARMONA, a/k/a Tapon, a/k/a Eneno, JEAN KARLOS PIZARRO, d/b/a Yankee, OBED TORRES GARCIA, VICTOR NUNEZ, XAVIER TORRES, a/k/a Pistolita,

> *Defendants,*

CARLOS JAVIER FIGUEROA, a/k/a Javi, a/k/a Big Bro,

> *Defendant-Appellant.*

---

For Appellee:                                ROBERT A. MARANGOLA, Assistant
                                              United States Attorney (Katherine A.
                                              Gregory, Assistant United States
                                              Attorney, *on the brief*), *for* Trini E.
                                              Ross, United States Attorney for the
                                              Western District of New York,
                                              Buffalo, NY.

For Defendant-Appellant:                      YUANCHUNG LEE, Federal Defenders
                                              of New York, Inc., New York, NY.

Appeal from a May 6, 2022 judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Carlos Figueroa appeals from a judgment convicting him of three counts: conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851; possession, brandishing, and discharging firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; and murder while engaged in narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. Following a jury trial, the district court sentenced Figueroa to concurrent terms of life imprisonment for the conspiracy and murder counts, and a consecutive twenty-five-year term for possession of a firearm in furtherance of drug trafficking, to be followed by an aggregate ten-year term of supervised release.

On appeal, Figueroa argues that his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's (1) constructive abandonment of him at trial, (2)

violation of his client autonomy and right to maintain innocence, and (3) actual conflict of interest. Alternatively, Figueroa argues that his case should be remanded for further factfinding on the issue of ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

*       *       *

"[T]he right to counsel is the right to the effective assistance of counsel." *United States v. Cronic,* 466 U.S. 648, 654 (1984) (internal quotation marks omitted). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo*." *Thomas v. United States*, 93 F.4th 62, 65 (2d Cir. 2024) (per curiam) (quoting *LoCascio v. United States*, 395 F.3d 51, 54 (2d Cir. 2005)). "In general, a defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's conduct 'fell below an objective standard of reasonableness,' and (2) this incompetence caused prejudice to the defendant." *Tippins v. Walker*, 77 F.3d 682, 685 (2d Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 692. Thus, prejudice is presumed "if the accused is denied

---

[1] In June 2024, we issued an order removing Figueroa's trial counsel, Paul Vacca, as his appellate counsel and referred Vacca to the Grievance Panel after he submitted an appellate brief that was deficient and largely copied and pasted from a brief submitted by one of Figueroa's co-defendants. *See* App'x at 408–10. On appeal, Figueroa argues, in part, that Vacca's appellate brief is an example of his ineffectiveness. However, our review of Vacca's representation is cabined to his performance at trial, and assuming that there was any prejudice from the filing of the original brief, it was remedied by our appointment of new counsel at the appellate level. Moreover, Figueroa does not point to any case that stands for the proposition that defense counsel's representation on appeal should be considered in the context of reviewing a claim of ineffective assistance of counsel at trial.

counsel at a critical stage of his trial [or] if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659. If an attorney constructively or actually abandons representation of a client, the *Cronic* presumption may apply.

## I. Abandonment of Counsel

Figueroa argues that his trial counsel, Paul Vacca, constructively abandoned him by exhibiting gross ineptitude and ignorance of the law, openly disparaging him, and failing to advocate for him. Based on the present record, we cannot conclude that "the attorney's failure" was so "complete" that it triggers the *Cronic* presumption. *Bell v. Cone*, 535 U.S. 685, 697 (2002).

Figueroa contends that Vacca's deficient performance and lack of knowledge of the law were exhibited by his pretrial motion to suppress wiretaps and physical evidence, which failed to establish standing or make an argument for why probable cause was lacking. But Vacca's decision not to establish standing by asserting Figueroa's ownership or possession over the disputed contraband might be construed as a reasonable trial strategy to avoid cross-examination of Figueroa regarding the contraband, should he have chosen to testify, and thus, prejudice cannot be presumed. *See Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside. Thus, a lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision." (alteration adopted, internal quotation marks and citations omitted)). In addition, Vacca's failure to state why probable cause was lacking for the wiretap orders, even after being given two chances to amend his motion to suppress, though problematic, does not rise to the level of constructive

4

abandonment.   Given that Vacca filed a motion to suppress, albeit one with generalized and conclusory arguments, we cannot conclude that Vacca's representation was "so inadequate that, in effect, no assistance of counsel [wa]s provided."   *Cronic*, 466 U.S. at 654 n.11.

We also reject Figueroa's argument that Vacca's decision not to call Figueroa's co-defendant, Leitscha Poncedeleon, after Vacca apparently concluded that her testimony would be untruthful, was constructive abandonment.   Instead, this action may well have been a strategic decision well within the bounds of professional representation, and one "that appellate courts are ill-suited to second-guess."   *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998) (per curiam).   Moreover, we reject Figueroa's argument that Vacca's failure to file a Rule 29 motion regarding the insufficiency of evidence for the count based on cocaine-base, for which the government offered no evidence as to whether crack-cocaine qualified, constituted a presumptively prejudicial deficiency under *Cronic*, seeing as the district court rectified Vacca's failure by dismissing the relevant count.   And as to Vacca's failure to contest the district court's consideration of two uncharged murders at sentencing, given what Figueroa deems a questionable factual basis for them, Vacca could have made a strategic determination that it would have been harmful to delve further into the facts of those charges.   *See United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir. 1987) (noting that defense counsel's decision to forgo a *Fatico* hearing in advance of sentencing may be a "matter of strategy").

Lastly, Figueroa's additional arguments that Vacca exhibited ineptitude—including that Vacca failed to propose jury instructions or oppose the government's instructions, and essentially said nothing at the charge conference—also fail to warrant a presumption of prejudice under

*Cronic* because, unlike sleeping during periods of the trial,[2] failing to litigate a competency determination,[3] or referring to a client as a sick man in front of the jury,[4] Vacca's shortcomings might reasonably be explained by a lack of skill or strategic choice rather than constituting "total or near-total derelictions in representation."  *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999).[5]

## II. Violation of Right to Autonomy and Maintain Innocence

Figueroa also argues that Vacca's refusal to call Poncedeleon was a separate Sixth Amendment violation because she had agreed to testify with potential exculpatory evidence, and thus, Vacca's failure to call her circumvented Figueroa's right to autonomy, namely, "the right 'to decide that the objective of his defense [wa]s to assert innocence.'"  Appellant's Br. at 46 (quoting *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018)).  Again, the present record does not support Figueroa's claim.  Even assuming *arguendo* that the record supports a finding that Figueroa explicitly told Vacca he wanted to call Poncedeleon, Vacca did not violate Figueroa's right to autonomy because the decision to call a witness rests within the province of the lawyer, who is trained to make thoughtful assessments as to whether a witness would be potentially perjurious or beneficial to the defense's case.  *See Gonzalez v. United States*, 553 U.S. 242, 249 (2008) ("Numerous choices affecting conduct of the trial, including . . . the witnesses to call . . . depend . . . upon tactical considerations of the moment . . . and to require in all instances that they be approved by the client could risk compromising the efficiencies and fairness that the trial process

---

[2] *See, e.g., Tippins,* 77 F.3d at 685.
[3] *See, e.g., Appell v. Horn*, 250 F.3d 203, 215 (3d Cir. 2001).
[4] *See, e.g., Rickman v. Bell*, 131 F.3d 1150, 1157 (6th Cir. 1997).
[5] The discussion in this section is limited to the question of whether the conduct of counsel in the district court constituted abandonment under *Cronic*.  We offer no view as to how these issues might be evaluated under *Strickland* if Figueroa elects to file a habeas petition.

is designed to promote."). Even if Vacca's decision was not the right one, as explained above, the determination of whether to "call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. DiTomasso*, 932 F.3d 58, 70 (2d Cir. 2019) (quoting *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000)).

## III.    Conflict of Interest

Figueroa contends that Vacca's purported "chastising of Figueroa as a liar" and "his open-court declaration that" Figueroa was guilty, along with the above-noted actions, constituted an actual conflict of interest. Appellant's Br. at 49. We do not believe that the current record supports such a finding.

"[W]here a defendant's ineffective assistance of counsel claim is based on an alleged conflict of interest, a defendant is entitled to a presumption of prejudice if he can demonstrate that his attorney labored under an actual conflict of interest and that the actual conflict of interest adversely affected his lawyer's performance." *United States v. Davis*, 239 F.3d 283, 286 (2d Cir. 2001) (internal quotation marks omitted).

Contrary to Figueroa's argument, the current record does not demonstrate an actual conflict of interest. When Figueroa told the district court that Vacca failed to communicate with him about the case, he did not agree to a stipulation regarding the murder of Walter Ross, and Vacca never offered him the opportunity to speak with Probation prior to the drafting of the PSR, Vacca offered responses to each claim in open court, stating that he did speak to Figueroa once a week, Figueroa had agreed to the stipulation twice before, and Figueroa told him that he did not wish to speak to anyone.. Discrepancies between a client's and an attorney's account of events do not

7

necessarily give rise to a conflict of interest. *See United States v. Moree*, 220 F.3d 65, 71 (2d Cir. 2000) (explaining that a criminal defendant's accusation of his attorney cannot "*ipso facto* result[] in a conflict of interest" simply because the attorney defends himself and contradicts his client). To the extent that Figueroa is complaining that Vacca was "refusing to file certain motions, to pursue certain evidentiary leads, to object to the introduction of certain evidence . . . and to call certain witnesses," those complaints are more conventional and do not "give rise to a conflict of interest." *Id*. (internal quotation marks omitted).

## IV.    Request for Remand for Further Fact-Finding

Lastly, Figueroa argues that to the extent we disagree with his ineffective assistance of counsel arguments on direct appeal, we should remand for further fact-finding under *Strickland*'s prejudice prong on two specific instances of purported ineffectiveness—Vacca's litigation of the suppression motion and his failure to object at sentencing to the attribution of two uncharged murders to Figueroa in the PSR.

Where there is an insufficient record for a *Cronic* argument or proper *Strickland* analysis, we either "decline to hear the claim and permit a § 2255 motion, or remand for fact-finding in the district court." *United States v. Melhuish*, 6 F.4th 380, 399 (2d Cir. 2021). But we have a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Doe*, 365 F.3d 150, 153 (2d Cir. 2004). Because our review of ineffective assistance claims "should not be invoked lightly," *United States v. Venturella*, 391 F.3d 120, 135 (2d Cir. 2004), and Figueroa does not confront any obvious procedural hurdles to filing a § 2255 motion, we decline to remand for further fact-finding. *Cf. Melhuish*, 6 F.4th at 399 (remanding ineffective assistance of counsel claim where there were questions regarding the availability of a Section 2255 motion).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9